# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE

JOHNATHAN ELLIOTT,　　　　　　　　　　　CASE NO.

　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　DEMAND FOR JURY TRIAL

ALLIEDBEAN DEMOLITION, INC.,
KEVIN BEAN and LILIANA ALVAREZ,

　　　　Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNATHAN ELLIOTT ("Plaintiff" or "ELLIOTT"), by and through undersigned counsel, hereby files this Complaint for Damages and Demand for Jury Trial, against Defendants, ALLIEDBEAN DEMOLTION, INC. ("ALLIED" or "Defendant"), a Florida for profit corporation, KEVIN BEAN ("BEAN"), an individual, and LILIANA ALVAREZ ("ALVAREZ"), an individual, and alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as this action includes a claim for unpaid overtime wages and retaliation under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA"), and additional compulsory claims under the laws of the State of Florida.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arose under 29 U.S.C. §216(b).

3. Venue is appropriate in the United States Southern District of Florida, Fort Lauderdale division, as the causes of action alleged by Plaintiff occurred in Broward County, Florida and the principal place of residency and/or place of business of the Defendants is Broward

County, Florida.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Broward County, Florida, and is otherwise sui juris.

5. At all times material to this action, Defendant, ALLIED, was, and continues to be, a Florida for profit corporation, doing business throughout the State of Florida, with its principal place of business situated at 500 East Broward Blvd., Ste. 1710, Fort Lauderdale, Florida 33394, and is otherwise sui juris.

6. Upon information and belief, Defendant, ALVAREZ, was, and continues to be, an individual residing in Broward County, Florida, and is otherwise sui juris.

7. Defendant, ALVAREZ, is a director of Defendant ALLIED, and at all times material hereto has, and continues to have, a significant ownership interest in ALLIED, exercises day-to-day control of operations of ALLIED and is involved in the supervision and payment of ALLIED's employees.

8. Upon information and belief, Defendant, BEAN, was, and continues to be, an individual residing in Broward County, Florida, and is otherwise sui juris.

9. Defendant, BEAN, is a director of Defendant, ALLIED, and at all times material hereto has, and continues to have, a significant ownership interest in ALLIED, exercises day-to-day control of operations of ALLIED and is involved in the supervision and payment of ALLIED's employees.

10. Defendants, ALLIED, BEAN and ALVAREZ, are collectively referred to hereafter as "Defendants."

11. At all times material to this action, Plaintiff was "engaged in commerce" within

the meaning of §206 and §207 of the FLSA.

12. At all times material to this action, Plaintiff was an "employee" of ALLIED within the meaning of the FLSA.

13. At all times material to this action, ALLIED was Plaintiff's "employer" within the meaning of the FLSA.

14. Defendant ALLIED was, and continue to be, an "employer" within the meaning of the FLSA.

15. At all times material to this action, Defendant, ALLIED, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of ALLIED was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material to this action, ALLIED had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activities.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by ALLIED.

## STATEMENT OF FACTS

19. Upon information and belief, on or about early March 2019, ELLIOT began working for ALLIED as a non-exempt hourly employee, earning an hourly rate of $25.00 per hour.

20. ELLIOTT was employed by ALLIED as a driver and operator consisting of non-

managerial duties, including, but not limited to, loading and unloading materials and driving to and from ALLIED's yard to work sites throughout the State of Florida in the furtherance of ALLIED's business.

21. ELLIOTT worked for Defendants from early March 2019 through early January 2020, at which time Plaintiff's employment relationship with Defendants was terminated by Defendants in retaliation against Plaintiff asserting his rights under the FLSA.

22. As a non-exempt employee for ALLIED, ELLIOTT was entitled to overtime wages at an hourly rate of one and one-half ELLIOTT's regular hourly rate of $25.00/per hour or $37.50 per hour, for any hour worked over forty (40) hours in a work week.

23. During ELLIOTT's employment with ALLIED, Plaintiff often worked in excess of forty (40) hours per week in the furtherance of Defendants' business.

24. However, Defendants failed to compensate ELLIOTT for all regular hours, and overtime hours worked in excess of forty (40) hours, by wantonly re-classifying numerous hours ELLIOTT worked as "drive time" and failing to compensate ELLIOTT whatsoever for those hours.

25. As a result of Defendants' illegal scheme of re-classifying hours, ELLIOTT worked an estimate of at least sixty (60) hours in which Defendants willfully failed to pay ELLIOTT any wage at all, including overtime wages.

26. Plaintiff estimates that Defendants failed to pay Plaintiff at least thirty-five (35) hours of overtime worked by ELLIOTT in excess of forty (40) hours per work week, which ELLIOTT was entitled to be compensated at $37.50 per hour.

27. At all times material to this Complaint, Defendants failed to comply with the FLSA by failing to properly pay overtime compensation to ELLIOTT.

28. Defendants' failure to pay Plaintiff overtime wages for hours worked over 40 hours per week, constitutes serious violations of the overtime laws under §207 of the FLSA.

29. ELLIOTT asserted his rights under the FLSA, by complaining to the Vice President of ALLIED, Anthony O'Reilly, regarding the fact that Plaintiff was working over forty (40) hours per week and Defendants were failing to compensate ELLIOTT for those overtime wages.

30. As a result of Plaintiff asserting his rights under the FLSA, Defendants terminated ELLIOTT's employment with ALLIED.

31. Defendants also committed wage theft against ELLIOTT by failing to pay ELLIOTT his regular wages for those hours that Defendants claimed were non-paid "drive time" hours, but which were in fact compensable.

32. Additionally, Defendants agreed to pay ELLIOTT compensation of $450.00 per month for Plaintiff's use of his personal vehicle in furtherance of Defendants' business.

33. Plaintiff used his personal vehicle in the course and scope of his employment with ALLIED for the months of September 2019, October 2019, November 2019 and December 2019, for which Defendants owed Plaintiff a total of $1,800.00.

34. However, Defendants failed to compensate Plaintiff whatsoever for the monthly vehicle allowance.

35. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

36. However, upon information and belief, it is alleged that Defendants failed to maintain proper and accurate time records, as mandated by §211 of the FLSA.

37. Defendants' failure and/or refusal to properly compensate ELLIOTT under the

standards required under the FLSA was willful and unlawful.

38. In fact, Defendants engaged in this systematic scheme of exploiting ELLIOTT and other similarly situated employees, by Defendants re-classifying hours worked by its employees, including ELLIOTT, as "drive time" and refusing to pay compensation for said "drive time", when those hours were compensable.

39. Plaintiff has retained the law firm of MILL STONE LEGAL GROUP, LLC to represent Plaintiff in this matter and has agreed to compensate the firm a reasonable fee for its services.

40. All conditions precedent to the filing of his action have either been complied with, satisfied or waived.

## **COUNT I – ACTION FOR UNPAID WAGES**
*(ALLIED, BEAN & ALVAREZ)*

41. Plaintiff re-alleges paragraphs 1 through 40 above as if fully stated herein.

42. Defendants have a duty under Florida Law to pay Plaintiff all earned wages, including regular wages and agreed upon vehicle allowances.

43. Defendants agreed to pay ELLIOTT $450.00 per month as a vehicle allowance for compensation to ELLIOTT for using Plaintiff's personal vehicle in furtherance of the Defendants' business.

44. ELLIOTT used his personal vehicle in his course and scope of employment with Defendants in September 2019, October 2019, November 2019 and December 2019 for which Defendants owed ELLIOTT compensation in the amount of $1,800.00.

45. Defendants failed to pay Plaintiff any of the sums due under Plaintiff's vehicle allowance.

46. Additionally, Defendants failed to pay Plaintiff his earned and agreed upon wages

for regular hours Plaintiff worked during the course of his employment with ALLIED by re-classifying his hours as uncompensated "drive time" hours.

47. Defendants intentionally and purposely altered ELLIOTT's payroll records so that ELLIOTT's paychecks were less than the amount due and owing ELLIOTT by failing to include "drive time" hours on Plaintiff's paychecks.

48. Plaintiff estimates that Defendants failed to pay ELLIOTT a minimum of 25 hours of regular time at a rate of $25.00 per hour for a total of $625.00.

49. As a result of Defendants' actions, Plaintiff has suffered damages in the form of unpaid wages and interest, and has incurred attorney's fees and taxable costs in bringing this action.

50. Under Fla. Stat. §448.08, Plaintiff is entitled to the recovery of costs and attorney's fees for successfully prevailing in this action.

**WHEREFORE**, Plaintiff, JOHNATHAN ELLIOTT, respectfully requests the Honorable Court to enter Judgment against Defendants, ALLIEDBEAN DEMOLITION, INC., KEVIN BEAN, individually, and LILIANA ALVAREZ, individually, in favor of Plaintiff, for unpaid wages, including unpaid vehicle allowance, costs, attorney's fees, pre-judgment and post-judgment interest, and any other relief this Court deems just and proper.

### COUNT II - RECOVERY OF UNPAID OVERTIME
*(ALLIED, BEAN & ALVAREZ)*

51. Plaintiff re-alleges paragraphs 1 through 40 above as if fully stated herein.

52. Plaintiff was employed by Defendant, ALLIED, as a non-exempt hourly rate employee, and entitled to receive overtime compensation at a rate of $37.50 per hour.

53. Plaintiff regularly worked over forty (40) hours per week during Plaintiff's employment with ALLIED.

54. Pursuant to 29 U.S.C. §207(a)(1), ELLIOTT is entitled to be paid one and one-half times ELLIOTT's regular pay rate or $37.50 for each hour ELLIOTT worked in excess of forty (40) hours of work per work week.

55. Defendants willfully failed to pay ELLIOTT overtime wages, or any wage whatsoever, for an estimated thirty-five (35) hours worked by ELLIOTT in excess of forty (40) hours per week.

56. By reason of the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in the form of unpaid overtime wages, pre-judgment interest, post judgment interest, attorney's fees and costs.

57. Plaintiff is entitled to recover Plaintiff's damages from Defendants, including recovery of attorney's fees and costs in litigating this matter, pursuant to 29 U.S.C. §216(b).

58. As a result of Defendants' willful violations of §207 of the FLSA, Plaintiff is also entitled to recover liquidated damages in the amount equal to that which he is owed as unpaid overtime compensation or $1,312.50.

59. At all times material hereto, Defendants failed, and continues to fail to maintain proper and accurate time records as mandated by §211 of the FLSA.

**WHEREFORE**, Plaintiff, JOHNATHAN ELLIOTT, seeks the entry of Judgment against Defendants, ALLIEDBEAN DEMOLITION, INC., KEVIN BEAN, individually, and LILIANA ALVAREZ, individually, and in favor of Plaintiff, for unpaid overtime wages, an equal amount of liquidated damages, pre-judgment interest, post judgment interest and attorney's fees and costs in bringing this action, and any other relief this Court deems just and proper.

### COUNT III – RETALIATION CLAIM UNDER §215(a)(3)
### (ALLIED, BEAN & ALVAREZ)

60. Plaintiff re-alleges paragraphs 1 through 40 above as if fully stated herein.

61. Plaintiff made complaints to ALLIED's Vice President regarding his rights under the FLSA, including Defendants failure to pay ELLIOTT his earned overtime wages, regular wages and monthly vehicle allowance.

62. As a direct result of ELLIOTT's complaints to Defendants in asserting Plaintiff's rights under the FLSA, Defendants retaliated against ELLIOTT.

63. Defendants retaliation included, but was not limited to, paying ELLIOTT wages that were less than the wages that were agreed to by the parties and earned by ELLIOTT, failing to pay Plaintiff his monthly vehicle allowance and ultimately terminating Plaintiff's employment with ALLIED.

64. Pursuant to §216(b) of the FLSA, Plaintiff is entitled to recover lost wages, liquidated damages, front pay, reasonable attorney's fees, costs, pre-judgment and post-judgment interest, injunctive relief and reinstatement.

**WHEREFORE**, Plaintiff, JOHNATHAN ELLIOTT, seeks the entry of Judgment against Defendants, ALLIEDBEAN DEMOLITION, INC., KEVIN BEAN, individually, and LILIANA ALVAREZ, individually, and in favor of Plaintiff, for lost wages, front pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorney's fees and costs, and any other relief this Court deems just and proper.

### COUNT IV – CONVERSION
**(Allied)**

65. Plaintiff re-alleges paragraphs 1 through 40 above as if fully stated herein.

66. ALLIED possesses Plaintiff's tools with an estimated value of $500.00.

67. Upon Plaintiff's unlawful termination by ALLIED, Plaintiff demanded the return of his tools.

68. ALLIED returned two crow bars but refused to return the remainder of Plaintiff's

tools and remains in unlawful possession of said tools.

69. Defendant knew or should have known that they had no right to continue their unauthorized possession of Plaintiff's tools but continued to unlawfully possess and use said tools.

70. Defendant's actions were deliberate, done with malice and/or were gross negligent indicating a complete and wanton disregard for Plaintiff's rights to possess and use Plaintiff's own tools.

71. As a result of Defendant's continued unlawful possession of said tools, Plaintiff suffered damages in Plaintiff's loss, use and enjoyment of said tools.

**WHEREFORE**, Plaintiff, JOHNATHAN ELLIOTT, seeks the entry of Judgment against Defendant, ALLIEDBEAN DEMOLITION, INC., and in favor of Plaintiff, for the value of Plaintiff's tools unlawfully converted by Defendant, and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 2, 2020.

Respectfully submitted,

**MILL STONE LEGAL GROUP, LLC**

*/s/ Matthew R. McGuigan*
MATTHEW R. MCGUIGAN, ESQ.
FL Bar No.: 113357
3333 W. Commercial Blvd., Ste. 115
Fort Lauderdale, FL 33309
Tel: 754-227-1610
Fax: 215-475-4764
E-mail: mmcguigan@millstonelegal.com
*Attorney for Plaintiff Johnathan Elliott*